**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ILANA GAINEY,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **NUTRISYSTEM, INC.,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Ilana Gainey (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Nutrisystem, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended including as amended by the Pregnancy Discrimination Act ("PDA"), the Family and Medical Leave Act of 1993, as amended ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Glenside, PA.
3. Upon information and belief, Nutrisystem, Inc. is a weight loss service provider with a location and corporate headquarters located at 1100 Virginia Drive, Suite 175, Fort

Washington, PA 19034.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year relevant to the matter at issue.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**<u>JURISDICTION AND VENUE</u>**

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant

to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under Title VII/PDA and the PHRA.

15. On or about May 11, 2026, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sex and pregnancy discrimination as well as retaliation against Defendant.

16. The Charge was assigned a Charge Number 530-2026-06405 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated August 6, 2026.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff is female.

23. In or around October 2019, Defendant hired Plaintiff.

24. The final position Plaintiff held at Defendant was Associate Director of Digital Marketing.

25. Plaintiff was well qualified for her position and performed well.

## PLAINTIFF NOTIFIED HER MANAGER OF HER PREGNANCY

26. In or around the end of December 2025 or early January 2026, Plaintiff notified Melissa Hadzick, Senior Director of Growth and Plaintiff's direct manager, of her pregnancy.

27. Plaintiff notified Hadzick because she would be taking maternity leave in or around late May 2026.

28. Plaintiff's pregnancy did not require any accommodations at that time.

## NO ONE COMMUNICATED WITH PLAINTIFF REGARDING COVERAGE DURING HER MATERNITY LEAVE

29. After notifying Hadzick of her pregnancy, no one at Defendant engaged in any communications with Plaintiff regarding plans for coverage while she was out on maternity leave.

30. Plaintiff brought this up multiple times with Hadzick and even tried to train her coworkers to cover for her while she was out on maternity leave.

## PLAINTIFF WAS SCHEDULED TO BEGIN HER FAMILY AND MEDICAL LEAVE ACT ("FMLA") PAPERWORK FOR HER MATERNITY LEAVE

31. Plaintiff was scheduled to meet with Toni Cosella, Senior Manager of Payroll, to start filling out Family and Medical Leave Act ("FMLA") paperwork related to her maternity leave in or around early March 2026, as her due date was May 19, 2026.

## DEFENDANT TERMINATED PLAINTIFF

32. However, on or about March 2, 2026, while Plaintiff was out on paid time off, Hadzick texted Plaintiff to schedule a call in the next day or two.

33. On or about March 3, 2026, Plaintiff spoke with Hadzick on the phone and Hadzick informed her that Defendant was laying her off and had eliminated her position on or about March 2, 2026.

34. Plaintiff had no prior warning that her position was at risk in connection with an alleged reduction in force.

35. Defendant used this layoff as pretext to discriminate against Plaintiff due to her pregnancy and retaliate against her for requesting maternity leave.

## DEFENDANT ENGAGED IN A PATTERN AND PRACTICE OF TERMINATING EMPLOYEES WHO WERE PREGNANT OR ON MATERNITY LEAVE

36. This was also part of a larger pattern of Defendant discriminating against pregnant employees.

37. Over the course of the preceding two (2) years, Defendant had terminated the employment of at least four (4) employees who were pregnant or on maternity leave at the time of their separation, including Noel Fales, who Defendant laid off during the same reduction in force used to justify Plaintiff's termination.

38. The others include Heather Last Name Unknown (“LNU”), who was on maternity leave at the time of her layoff, and Kelly LNU who was pregnant at the time of her layoff.

39. Defendant discriminated against Plaintiff due to her pregnancy and gender and retaliated against her for requesting maternity leave in violation of Title VII/PDA and the PHRA.

40. In addition, Defendant interfered with Plaintiff’s rights under the FMLA and retaliated against her for her attempt to utilize FMLA leave in violation of the FMLA.

41. Defendant’s acts and/or omissions were willful or performed with reckless disregard to Plaintiff’s federal statutorily protected rights.

**COUNT I – PREGNANCY DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED/PREGNANCY DISCRIMINATION ACT**

42. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

43. Plaintiff is a member of a protected class in that she was pregnant.

44. Plaintiff was qualified to perform the job for which she was hired.

45. Defendant terminated Plaintiff.

46. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

47. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

48. Defendant discriminated against Plaintiff on the basis of her pregnancy.

49. Defendant treated non-pregnant employees better than it treated Plaintiff.

50. Defendant has no legitimate non-discriminatory reason for its actions.

51. As a result of Defendant’s unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

52. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II – PREGNANCY DISCRIMINATION**
**<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>**

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
54. Plaintiff is a member of a protected class in that she is pregnant.
55. Plaintiff was qualified to perform the job for which she was hired.
56. Defendant terminated Plaintiff.
57. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
58. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.
59. Defendant discriminated against Plaintiff on the basis of her pregnancy.
60. Defendant treated non-pregnant employees better than it treated Plaintiff.
61. Defendant has no legitimate non-discriminatory reason for its actions.
62. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT III – SEX DISCRIMINATION**
**<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>**

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. Plaintiff is a member of protected classes in that she is female.

65. Plaintiff was qualified to perform the job for which she was hired.

66. Plaintiff suffered adverse job actions, including, but not limited to termination.

67. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

68. Defendant discriminated against Plaintiff on the basis of her protected class.

69. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

70. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

71. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – DISCRIMINATION BASED ON SEX**
**PENNSYLVANIA HUMAN RELATIONS ACT**

72. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

73. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (female).

74. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

75. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

76. Plaintiff engaged in activity protected by Title VII and the PDA.

77. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

78. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VI – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

79. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

80. Plaintiff engaged in activity protected by the PHRA.

81. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

82. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VII – INTERFERENCE**
**FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED**

83. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

84. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).
85. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave to care for her own serious health condition.
86. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.
87. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.
88. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).
89. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.
90. Plaintiff demands judgment in her favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.
91. Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those

sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

**COUNT VIII – RETALIATION**
**FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED**

92. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

93. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

94. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own serious medical condition.

95. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

96. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.

97. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.

98. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

99. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

100. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

101. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

102. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ilana Gainey, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Liquidated damages;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(i) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(j) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 4, 2026 **By:** ***/s/ David M. Koller***

David M. Koller, Esquire (Pa 90119)
Jordan D. Santo, Esquire (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*